IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JACQUELINE L., | § | |
|    PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:21-CV-2644-G-BK |
| | § | |
| COMMISSIONER, SOCIAL, | § | |
| SECURITY ADMINISTRATION, | § | |
|    DEFENDANT. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff seeks judicial review of the Commissioner's final decision denying her claims for a period of disability and disability insurance benefits under the Social Security Act (the "Act"). Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Doc. 3, the parties' cross-motions for summary judgment, Doc. 15 & Doc. 16, are before the undersigned magistrate judge for recommendation. For the reasons that follow, Plaintiff's motion should be **DENIED**, Defendant's motion should be **GRANTED**, and the Commissioner's decision should be **AFFIRMED**.

**I. BACKGROUND**

Plaintiff filed her application for benefits in March 2020, claiming she became disabled in October 2019. Doc. 12-1 at 19. Plaintiff was 37 years old on her disability onset date and has a bachelor's degree in business administration. Doc. 12-1 at 29, 684. She also has past relevant work as a user support analyst. Doc. 12-1 at 29. Plaintiff's pertinent medical history begins in 2015, when Dr. Angela Young, M.D. assessed Plaintiff as having migraines that subsequent Botox injection treatments decreased by 50 percent. Doc. 12-1 at 660-61, 754. In 2016, Dr.

Young also diagnosed Plaintiff with small fiber neuropathy, a sensory disorder that can cause numbness, dry eyes, and hypersensitivity to touch and temperature, and also decrease the ability to feel pain. Doc. 12-1 at 651-53; *see, e.g.*, *Small Fiber Neuropathy*, MEDLINE PLUS, https://medlineplus.gov/genetics/condition/small-fiber-neuropathy (last visited Jan. 10, 2023).

Further, in February 2017, Dr. M. Umar Burney, M.D. found Plaintiff had a "[ri]ght hip labral tear" for which she successfully underwent physical therapy. Doc. 12-1 at 330. In April 2021, Plaintiff had an MRI after experiencing right hip pain. Doc. 12-1 at 772. Dr. Burney determined Plaintiff had a "sizeable" right hip labral tear, lesion on her femoral head neck junction, and degenerative arthritis on her femoral head. Doc. 12-1 at 772.

Following an administrative hearing, the ALJ found that Plaintiff has the severe impairments of Sjogren's syndrome, migraine headache disorder, small fiber neuropathy, anxiety disorder, and irritable bowel syndrome. Doc. 12-1 at 22. The ALJ concluded: (1) Plaintiff has the residual functional capacity ("RFC") to perform light work with various limitations; and (2) while Plaintiff could not perform her past relevant work, there are a significant number of jobs in the national economy that Plaintiff can perform. Doc. 12-1 at 20-30. As such, the ALJ denied Plaintiff's application for benefits under the Act.

## II. APPLICABLE LAW

An individual is disabled under the Act if, *inter alia*, she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" which has lasted or can be expected to last for at least 12 months. 42 U.S.C. § 423(d)(1)(A). The Commissioner uses a sequential five-step inquiry to determine whether a claimant is disabled: (1) an individual who is working and engaging in substantial gainful

activity is not disabled; (2) an individual who does not have a "severe impairment" is not disabled; (3) an individual who "meets or equals a listed impairment in Appendix 1" of the regulations will be considered disabled without consideration of vocational factors; (4) if an individual is capable of performing his past work, a finding of "not disabled" must be made; (5) if an individual's impairment precludes her from performing her past work, other factors including age, education, past work experience, and RFC must be considered to determine if any other work can be performed. *Wren v. Sullivan*, 925 F.2d 123, 125 (5th Cir. 1991) (per curiam) (summarizing 20 C.F.R. §§ 404.1520(b)-(f), 416.920 (b)-(f)).

Under the first four steps of the analysis, the burden of proof lies with the claimant. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The analysis terminates if the Commissioner determines at any point during the first four steps that the claimant is disabled or not disabled. *Id.* If the Commissioner does not make a determination, the burden shifts to him at step five to show there is other gainful employment available in the national economy that the claimant can perform. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994).

Judicial review of the denial of benefits is limited to determining whether the Commissioner's position is supported by substantial evidence and if the Commissioner applied the correct legal standards in evaluating the evidence. *Greenspan*, 38 F.3d at 236; 42 U.S.C. §§ 405(g), 1383(C)(3). Substantial evidence is defined as more than a scintilla, less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett*, 67 F.3d at 564. The reviewing court does not reweigh the evidence or substitute its own judgment, but rather, scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236.

In considering the parties' summary judgment arguments, the Court has relied upon their citations to the supporting evidence of record. The Court is not under an obligation to probe the record to find supporting evidence for one side or the other. *See* FED. R. CIV. P. 56 (providing parties moving for summary judgment must support their positions by "citing to particular parts of materials in the record"); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (clarifying the courts are under no obligation "to sift through the record in search of evidence to support a party's opposition to summary judgment") (quotation omitted).

### III. ANALYSIS

#### A. *The ALJ adequately accounted for the functional limitations of Plaintiff's severe impairments in the RFC assessment.*

Plaintiff argues the ALJ failed to consider the functional limitations caused by her small fiber neuropathy, migraine headache disorder, and irritable bowel syndrome. Doc. 15 at 7-9. Defendant argues that "Plaintiff merely points to her subjective complaints and does not support her allegation[s] with objective evidence," and her request for further limitations contradicts her testimony, which established her ability to engage in "extensive activities." Doc. 17 at 4.

The RFC is an assessment, based upon all relevant evidence, of a claimant's ability to work, despite her impairments. 20 C.F.R. § 404.1545(a). Stated differently, it is the most a claimant can do, notwithstanding her physical and mental limitations. *Id.* The RFC determination falls solely to the ALJ, who alone is responsible for resolving any conflicts in the evidence. *See Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001*)* (per curiam). A finding of no substantial evidence is appropriate only if there is a conspicuous absence of credible evidentiary choices or no contrary medical findings. *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988) (per curiam).

4

Further, although an ALJ must consider the severe impairments when making an RFC determination, he is "not necessarily [required to] assess limitations for each severe impairment." *Winston v. Berryhill*, No. 3:16-CV-419, 2017 WL 1196861, at *13 (N.D. Tex. Mar. 31, 2017), *aff'd*, 755 F. App'x 395 (5th Cir. 2018) (finding sufficient the ALJ's explicit consideration of the claimant's severe impairments when making the RFC assessment). Further, subjective complaints must be corroborated, at least in part, by objective medical findings. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a); *Harrell v. Bowen*, 862 F.2d 471, 481 (5th Cir. 1988) (citations omitted).

### i. The RFC assessment adequately considers the functional limitations of Plaintiff's small fiber neuropathy.

Plaintiff argues the RFC "does not reflect [her] functional abilities" or "support the ALJ's conclusion that she can perform other work." Doc. 15 at 7. Concerning her small fiber neuropathy, Plaintiff asserts that her extremities go numb, tingle, and burn every day, which makes it difficult to perform tasks like typing, writing, and walking. Doc. 15 at 7. Plaintiff contends that medical evidence, such as Dr. Young's assessment of her small fiber neuropathy, supports her functional limitation claims. Doc. 15 at 6-7.

The administrative record shows the ALJ explicitly considered Plaintiff's small fiber neuropathy and the evidence cited in Plaintiff's motion but, finding the evidence to be "not entirely consistent" with the medical opinions of record and Plaintiff's testimony, gave "persuasive weight" to the state agency consultants' conclusions. *See* Doc. 12-1 at 26-28 (noting that Plaintiff changed her diet to reduce neuropathic pain and stopped taking her prescribed medicine); Doc. 12-1 at 436 (stating that Plaintiff exhibited full muscle strength despite reporting numbness in her extremities and recommended she continue regular exercise); *see also* Doc. 17 at 4-5 (stating Plaintiff's exam showed she had a "steady gait with equal symmetric arm swing";

5

normal tone, strength, sensation, and coordination; no tender or swollen joints; no abnormal movements; intact deep tendon reflexes; and, at the time of the hearing, exercised five to seven days a week). Accordingly, the RFC's functional limitations sufficiently consider Plaintiff's small fiber neuropathy and are supported by substantial evidence. Thus, Plaintiff's motion should be **DENIED** as to this claim.

### ii. The RFC assessment adequately considers the functional limitations of Plaintiff's migraine headache disorder and irritable bowel syndrome.

Plaintiff fails to demonstrate the subjective effects of her migraine headache disorder and irritable bowel syndrome are corroborated by objective evidence. *See* 42 U.S.C. § 423(d)(5)(A) (1985 Supp.); 20 C.F.R. § 404.1529. Plaintiff avers that even though her Botox injections and other medicines reduced her migraine headaches, her testimony revealed that she still has headaches four to five times per week, some of which are incapacitating, and that certain types of lighting trigger her headaches. Doc. 15 at 8. Plaintiff's contentions are subjective, conclusory, and unsupported by objective evidence. *See* Doc. 15 at 8-9 (citing only to Plaintiff's testimony that she has incapacitating headaches two to three times per month, with each headache lasting more than two to three hours). Indeed, her Botox injections reduced the number of her headaches by half; the duration of her headaches also declined; and Plaintiff testified the injections were "very effective," she could "mostly function" through her migraines, and the abortive medication she took when she felt a headache coming on worked. Doc. 12-1 at 54-55.

Plaintiff argues the ALJ also did not consider or include any limitations caused by her irritable bowel syndrome in the RFC. Doc. 15 at 9. Yet, she does not posit what limitations would be appropriate, and the Court will not search the record for supporting, objective medical findings to buttress Plaintiff's arguments. *See* FED R. CIV. P. 56; *Adams*, 465 F.3d at 164.

As outlined *supra*, Plaintiff does not show the ALJ failed to consider the functional

6

limitations of these impairments in his RFC assessment. Thus, Plaintiff's motion should be **DENIED** as to these claims.

### B. The ALJ did not err in not finding Plaintiff's labral tear, lesion, and arthritis (collectively, "labral tear") as severe impairments, and the RFC adequately considers functional limitations caused by Plaintiff's labral tear.

Plaintiff alleges the ALJ failed to classify her "sizeable" labral tear, lesion on femoral head neck junction, and degenerative arthritis on femoral head as severe impairments or include the functional limitations caused by those conditions in the RFC assessment. Doc. 15 at 10-11. Defendant does not dispute that the labral tear is a severe impairment. *See* Doc. 17. Rather, Defendant argues the evidence does not support further limitations in the RFC with respect to Plaintiff's labral tear, as the RFC already "provides for [a] light exertional level" and finds that Plaintiff can only occasionally climb ramps and stairs and never climb ladders, ropes, and scaffolds. Doc. 17 at 6; *see also* Doc. 12-1 at 24 (providing Plaintiff could occasionally stoop, kneel, crouch, and crawl).

To prevail on judicial review, a claimant must demonstrate that the ALJ based his RFC assessment on evidence so insufficient that a reasonable person could not reach the same conclusion. *Newton v. Apfel*, 209 F.3d 448, 453 (5th Cir. 2000). It is inadequate for a claimant to show only that contradictory evidence might exist. *Id.* A claimant's mere disagreement with the ALJ's RFC does not satisfy her burden and does not necessitate reversal. S*ee Davenport v. Kijakazii*, No. 4:20-CV-00836-O-BP, 2021 WL 6503709, at *4 (N.D. Tex. July 28, 2021) (Ray, J.) (finding the claimant failed to meet his burden by merely disagreeing with the ALJ's RFC), adopted by 2022 WL 160238 (N.D. Tex. Jan. 8, 2022) (O'Connor, J.).

As an initial matter, the Court presumes the ALJ found Plaintiff's labral tear to be a severe impairment as the ALJ proceeded past step two of the sequential evaluation process. *See*

7

*Mays v. Bowen,* 837 F.2d 1362, 1364 (5th Cir. 1988) (holding that the ALJ did not err in not explicitly finding an impairment severe where the ALJ reached the fifth step of the sequential analysis in evaluating the claim and, as a result, implicitly found a severe impairment to exist). Moreover, as Defendant correctly notes, the ALJ did include several limitations in his RFC assessment that would accommodate the limitations presented by Plaintiff's labral tear.

Finally, although the ALJ did not address Plaintiff's most recent MRI, which shows a sizeable labral tear, any error in this regard was harmless as the record does not demonstrate that the associated symptoms were continuously present for 12 months. *See Adams v. Bowen*, 833 F.2d 509, 512 (5th Cir. 1987) ("While certain range of motion studies revealed some degree of debilitation, and it is undisputed that appellant was suffering at times from muscle weakness, both of which would normally be expected to substantiate her complaints of pain, a collective analysis of claimant's diagnostic test results demonstrates that the ALJ had substantial evidence to find these symptoms were not present continuously for a twelve month period.").

Of note, there is a scarcity of medical evidence showing Plaintiff experienced hip pain between November 2019, when she complained of it to one of her physicians, and April 2021, when she had the second MRI. Doc. 12-1 at 433, 772. The record shows Plaintiff exercised several times per week during that period, and her physical exams revealed that her gait was normal and that she could easily stand and walk. Doc. 12-1 at 53-54; Doc. 12-1 at 609; Doc. 12-1 at 671; Doc. 12-1 at 737. Consequently, the Plaintiff has not satisfied her burden to demonstrate that the ALJ erred in failing to find that her labral tear was a severe impairment or that the RFC's functional limitations with respect thereto are insufficient. Plaintiff's motion should be **DENIED** as to this claim.

## IV. CONCLUSION

For the foregoing reasons, *Plaintiff's Motion for Summary Judgment and Brief in Support of Motion for Summary Judgment*, Doc. 15, should be **DENIED**, and *Defendant's Motion for Summary Judgment*, Doc. 16, should be **GRANTED**. The decision of the Commissioner should be **AFFIRMED**, and this case should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on January 10, 2023.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).